IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES V. OLIVER,                :
                                  :
    Plaintiff,             :    CIVIL NO. 4:10-CV-1387
                                  :
v.                                :    (Judge McClure)
                                  :
JEFFREY A. BEARD, *et al.*,       :
                                  :
    Defendants.            :

## **MEMORANDUM**

August 19, 2010

## I.    INTRODUCTION

Plaintiff Charles V. Oliver ("Plaintiff" or "Oliver"), an inmate presently confined at the State Correctional Institution at Retreat ("SCI Retreat") in Hunlock Creek, Pennsylvania, initiated the above action *pro se* by filing a Complaint under the provisions of 42 U.S.C. § 1983. (Rec. Doc. No. 1.) Named as Defendants are Jeffrey A. Beard, Secretary of the Pennsylvania Department of Corrections ("DOC"); James J. McGrady, Superintendent of SCI Retreat; the Reverend W. James Pall, a Facility Chaplain Program Director for the DOC assigned to the State Correctional Institution at Dallas ("SCI Dallas") in Dallas, Pennsylvania; Joseph Zakarakus, an Intelligence/Security Captain at SCI Dallas; Paul Miller, an Intelligence/Security Lieutenant at SCI Dallas; and Chris Putnam, Unit Manager of C and D Blocks at SCI

Dallas.

Oliver alleges that, while he was confined at SCI Dallas, Defendants were deliberately indifferent in violation of the Eighth Amendment by knowingly placing his childhood abuser in his cell and in sending his laundry bag to the F-block to negotiate with prison gangs, thereby creating unsafe conditions. (*Id.* at 7.) He also alleges that Defendants administratively transferred him to SCI Retreat in retaliation for the filing of a criminal complaint, which resulted in the loss of his job, and that Defendants Zakarakus and Pall verbally insulted him. (*Id.*)

Plaintiff has requested leave to proceed *in forma pauperis* (*see* Rec. Doc. No. 2), and therefore, the Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's request to proceed *in forma pauperis* will be granted; his Eighth Amendment claim regarding the placement of his childhood abuser in his cell will be permitted to go forward; he will be directed to amend his Eighth Amendment claim regarding his laundry bag to include factual allegations to support the claim; his retaliation claim and claims regarding verbal insults will be dismissed with prejudice for failure to state a claim upon which relief may be granted; Defendants Beard and McGrady will be dismissed as parties; Plaintiff's claim for compensatory damages arising out of his failure to

protect claim will be dismissed with prejudice; and Plaintiff's claim for injunctive relief will be dismissed as moot.

## II. ALLEGATIONS OF COMPLAINT

Plaintiff sets forth his four (4) legal claims on the seventh page of his Complaint. (Rec. Doc. No. 1 at 7 ¶ 13.) The first of his claims is that Defendants knowingly placed his childhood abuser in his cell with him thereby creating unsafe conditions. (*Id.* ¶ 13 (A).) Plaintiff includes factual allegations in support of this claim earlier in his Complaint. He alleges that, on August 12, 2008, Defendants Pall, Putnam, Zakarakus, and Miller placed inmate Charles J. Montione in Plaintiff's cell at SCI Dallas even though they were aware that Montione had abused Plaintiff when he was a child by injecting him with a dirty hypodermic syringe that resulted in Plaintiff being infected with hepatitis. (*Id.* at 2 ¶ 8.) Plaintiff claims that, after Montione was placed in his cell, he asked Montione to make a request to the officer in charge to be moved, and that he did so, but Montione was not moved from his cell. (*Id.*) Plaintiff alleges that, at the time they placed Montione in his cell, Defendants Pall, Putnam, Zakarakus, and Miller all were aware of the childhood abuse he had suffered at the hands of Montione. (*Id.* at 4.) Plaintiff alleges that he was moved from th cell with Montione to a different cell on February 5, 2009. (*Id.* at 5.)

3

Plaintiff's second legal claim is that "Defendants knowingly sent my laundry bag to F-block for purpose of negotiations with prison gangs for a contract of discrimination," thereby creating unsafe conditions. (Rec. Doc. No. 1 at 7 ¶ 13 (B).) Plaintiff does not provide any facts in support of this apparent Eighth Amendment claim in the section of his Complaint containing factual allegations.

Plaintiff's third legal claim is that, after a criminal complaint was filed, Defendants administratively transferred Plaintiff knowing that it would result in the loss of his job. (*Id.* at 7 ¶ 13(C).) In the section of his Complaint containing factual allegations, Plaintiff alleges that he was transferred to SCI Retreat as retaliation by Defendants Pall and Zakarakus to hurt him mentally and physically, to block his access to the courts, and to keep him from his higher paying job. (*Id.* at 6.)

In his last two legal claims, Plaintiff alleges that Defendant Zakarakus sent another officer to tell Plaintiff that he and his mother, who he identifies as Queen Noor of Jordan, are "nothing but Palestinian rock throwers" and that Defendant Pall refers to Queen Noor as the "Big Witch." (*Id.* at 7 ¶ 13 (D), (E).) In the section of his Complaint containing factual allegations, Plaintiff alleges that Defendant Zakarakus allegedly sent an officer to Plaintiff to deliver this verbal insult after Plaintiff wrote a letter to Luzerne County District Attorney Jackie Musto Carroll in July 2009

4

requesting the opportunity to file a criminal complaint for a number of crimes he believed had occurred at SCI Dallas. (*Id.* at 5.) Plaintiff does not specify when Defendant Pall called Queen Noor the "Big Witch," but merely asserts that he calls her that generally. (*Id.*)

In his prayer for relief, Plaintiff requests a declaration that the acts and omissions he has described violate his Constitutional rights; a preliminary and permanent injunction to direct Defendants to stop trying to have Montione housed in the same cell as Plaintiff; compensatory and punitive damages in the amount of $1,000,000 each; a jury trial on all issues; reimbursement of his costs in pursuing this lawsuit; and any additional relief this Court deems just, proper, and equitable. (*Id.* at 8.)

## III. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## IV. DISCUSSION

### A. Legal Claims

#### 1. Failure to Protect Claim

To state a failure to protect claim, an inmate must allege that he is "incarcerated under conditions posing a substantial risk of serious harm," and that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)). Accepting Plaintiff's allegations as true, we conclude that his allegation that Defendants Pall, Putnam, Zakarakus, and Miller placed an inmate in Plaintiff's cell knowing that this inmate had abused Plaintiff as a child by injecting him with a dirty syringe is sufficient to state a failure to protect claim that withstands screening.[1]

Nevertheless, we observe that Plaintiff has not alleged that he sustained any

---

[1] We reach this conclusion without regard to whether Plaintiff properly has exhausted his DOC administrative remedies with respect to this claim because Defendants have the burden to plead exhaustion as an affirmative defense. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *McKinney v. Zihmer*, 2010 WL 1135722, at *5 (M.D. Pa. Mar. 23, 2010) (Rambo, J.)

physical injury as a result of having his alleged childhood abuser placed in his cell. The Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a showing of physical injury." 42 U.S.C. § 1997e(e). The "physical injury" requirement of § 1997e(e) may be satisfied by a "less-than-significant-but-more-than-de minimis physical injury as a predicate to allegations of emotional injury." *Mitchell v. Horn,* 318 F.3d 523, 534 (3d Cir. 2003). Because Plaintiff does not allege that he suffered any physical injury as a result of residing in the same cell as his alleged abuser,, his claim for compensatory damages arising from his failure to protect claim will be dismissed with prejudice.

However, "§ 1997e(e) does not apply to claims seeking injunctive or declaratory relief." *Mitchell*, 318 F.3d at 533. Although Plaintiff's request for injunctive relief is moot, as more fully explained in Section C below, he also seeks a declaration that the acts or omissions by Defendants violated his rights under the Constitution and laws of the United States. (*See* Rec. Doc. No. 1 at 8.) As such, his claim for declaratory relief stemming from his failure to protect claim is not barred.

In addition, "§ 1997e(e) does not bar claims seeking nominal damages to

8

vindicate constitutional rights, nor claims seeking punitive damages to deter or punish egregious violations of constitutional rights." *Doe v. Delie*, 257 F.3d 309, 314 n.3 (3d Cir. 2001) (citing *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000)). Accordingly, Plaintiff's request for punitive damages to vindicate his constitutional rights that allegedly were violated as a result of the placement of his alleged childhood abuser in his cell is not barred.

### 2. Laundry Bag Claim

Plaintiff has failed to allege any facts in support of his claim that "Defendants knowingly sent my laundry bag to F-block for purpose of negotiations with prison gangs for a contract of discrimination, thereby creating unsafe conditions. (*see* Rec. Doc. No. 1 at 7 ¶ 13 (B)), and therefore, he has failed to state a claim upon which relief may be granted. We will give Plaintiff the opportunity to amend his Complaint with respect to this claim to attempt to state a failure to protect claim upon which relief may be granted.

### 3. Retaliation Claim

We construe Plaintiff's claim that, after a criminal complaint was filed, Defendants Pall and Zakarakus administratively transferred him to hurt him mentally and physically, to block his access to the courts, and to keep him from his higher

9

paying job, as a retaliation claim.

In order to state a retaliation claim, a plaintiff must satisfy three elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Second, an inmate plaintiff must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." *Id.* (quoting *Allah v. Seiverling*, 228 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "'sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" *Id.* at 333 (quoting *Allah*, 229 F.3d at 225). Third, a prisoner plaintiff must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." *Id.* at 333 (quoting *Mount Healthy Bd. Of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)); *Suppan v. Dadonna*, 203 F.3d 228. 235 (3d Cir. 2000).

Plaintiff has failed to meet the first required element in that he states in his Complaint that the motive for the alleged retaliation was the filing of a criminal complaint. It is evident from the allegations in his Complaint that he is referring to the criminal charges that he asked the Luzerne County District Attorney to file against SCI Dallas staff. However, Plaintiff admits in his Complaint that he did not receive a response to either of the letters that he sent to the Luzerne County District

Attorney, and therefore, it is apparent that no criminal complaint was filed. (*See* Rec. Doc. No. 1 at 6 ¶ 9.) Thus, Plaintiff has failed to point to any motive for Defendants Pall and Zakarakus to retaliate against him, and he has failed to state a retaliation claim upon which relief may be granted. Because no amendment to his allegations would allow Plaintiff to state a retaliation claim upon which relief may be granted, dismissal of this claim will be with prejudice. *See Grayson*, 293 F.3d at 114.

### 4. Claim Regarding Verbal Insults

Finally, with regard to Plaintiff's claims that Defendants Zakarakus and Pall verbally insulted both Plaintiff and Queen Noor of Jordan, either indirectly or directly, these allegations are insufficient to form the basis for a claim upon which relief may be granted. Even accepting Plaintiff's allegations as true, verbal harassment, standing alone, does not rise to the level of a constitutional violation. *See Johnson v. Glick,* 481 F.2d 1028, 1033 n. 7 (2d Cir. 1973). Moreover, it has been recognized that the use of words generally cannot constitute an assault actionable under § 1983. *See Maclean v. Secor*, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); *Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); *Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give

rise to a constitutional violation enforceable under § 1983."). Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. *See Fisher v. Woodson*, 373 F. Supp. 970, 973 (E.D. Va. 1973). *See also Balliet v. Whitmire*, 626 F. Supp. 219, 228-29 (M.D. Pa. 1996) ("[v]erbal abuse is not a civil rights violation . . ."), *aff'd*, 800 F.2d 1130 (3d Cir. 1986) (Mem.). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, *see Prisoners' Legal Ass'n*, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause, *see Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991). Because no amendment to these claims would produce a claim upon which relief may be granted, Plaintiff's claims regarding verbal insults will be dismissed with prejudice. *See Grayson*, 293 F.3d at 114.

### B. Respondeat Superior

In order to state an actionable civil rights claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain*

*v. Strackhouse,* 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Consequently, civil rights claims cannot be premised on a theory of *respondeat superior. Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode,* 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077 (3d Cir. 1976). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode,* 845 F.2d at 1207.

Plaintiff merely names Beard and McGrady as Defendants and fails to make any factual allegations against them in his Complaint. It is therefore apparent that he seeks to hold them liable solely on the basis of their supervisory roles as Secretary of the Department of Corrections and Superintendent of SCI Retreat, respectively. Because he has failed to allege any facts showing that they were personally involved in his claims, Defendants Beard and McGrady will be dismissed as parties to this action.

13

## C. Request for Injunctive Relief

Plaintiff makes a request in his Complaint for a preliminary and permanent injunction enjoining Defendants Pall, Zakarakus, Miller, and Putnam from trying to have inmate Montione placed in his cell. (Rec. Doc. No 1 at 8 ¶ 16.) Plaintiff states in his Complaint that he was moved out of the cell with Montione and placed with a different inmate on February 5, 2009. (*Id.* at 5.) Moreover, at the time Montione and Plaintiff allegedly shared a cell, they were inmates at SCI Dallas. Plaintiff since has been transferred to SCI Retreat where he remains as of this date. A search of inmate Montione on the DOC Inmate Locator reveals that he is not confined in the same institution as Plaintiff. Accordingly, Plaintiff's claim for injunctive relief to stop the placement of Montione in his cell is moot and will be dismissed. *See Fortes v. Harding*, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998) ("Fortes' transfer to another institution moots any claims for injunctive or declaratory relief.").

## V. CONCLUSION

For the foregoing reasons, Plaintiff's request to proceed *in forma pauperis* will be granted; his Eighth Amendment claim regarding the placement of his childhood abuser in his cell will be permitted to go forward; he will be given the opportunity to amend his Eighth Amendment claim regarding his laundry bag to

14

include factual allegations to support the claim; his retaliation claim and claims regarding verbal insults will be dismissed with prejudice for failure to state a claim upon which relief may be granted; Defendants Beard and McGrady will be dismissed as parties; Plaintiff's claim for compensatory damages arising out of his failure to protect claim will be dismissed with prejudice; and Plaintiff's claim for injunctive relief will be dismissed as moot.

With regard to Plaintiff's filing of an amended Eighth Amendment claim regarding his laundry bag, he is advised that any amendment to his claim that he files shall be filed within twenty-one (21) days from the date of this Memorandum and Order. In amending his claim, Plaintiff should provide factual allegations in support of his claim in short, concise, and plain statements, and in numbered paragraphs. These allegations should be specific as to time and place, and Plaintiff should specify the Defendants against whom he is making the claim. Plaintiff also shall specify the relief he seeks with regard to this claim. Plaintiff's failure to amend his claim within the required time will result in its dismissal with prejudice.

An appropriate Order follows.

           s/James F. McClure, Jr.
           JAMES F. McCLURE, JR.
           United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES V. OLIVER, :
:
    Plaintiff, : CIVIL NO. 4:10-CV-1387
:
v. : (Judge McClure)
:
JEFFREY A. BEARD, *et al.*, :
:
    Defendants. :

## **ORDER**

August 19, 2010

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's application for leave to proceed *in forma pauperis* (Rec. Doc. No. 2) is construed as a request to proceed without full prepayment of fees and costs, and is **GRANTED**.

2. Within twenty-one (21) days from the date of this Order, Plaintiff shall file an amended Eighth Amendment claim regarding his laundry bag as directed in the foregoing Memorandum. Plaintiff's failure to file an amended claim as directed and within the required time will result in the dismissal of the claim with prejudice.

3. Defendants Beard and McGrady are **DISMISSED** as parties to this action.

4. Plaintiff's claim for compensatory damages arising out of his failure to protect claim is **DISMISSED** with prejudice.

5. Plaintiff's claim for injunctive relief (*see* Rec. Doc. No. 1 at 8 ¶ 16) is **DISMISSED** as moot.

    s/James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge