## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES OLIVER, | : | CIVIL NO. 4:10-CV-1387 |
| | : | |
| Plaintiff, | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JEFFREY BEARD, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of the Case

This prisoner *pro se* civil rights action comes before us in an unusual posture. The plaintiff, Charles Oliver, is an inmate with a penchant for filing, tardy and procedurally flawed pleadings. Thus, in the instant case, Oliver's failure to comply with administrative exhaustion requirements for grievances inside the prison system led to the dismissal of this lawsuit on September 29, 2011. (Doc. 58.) Oliver then filed motions to reconsider or amend this dismissal order, (Doc. 60), but neglected to comply with the procedural requirements of the Local Rules of this Court by filing a brief in support of this motion, another procedural default which compelled denial of these post judgment motions on November 3, 2011. (Doc. 73.) Oliver also concurrently appealed these decisions, but his appeal was dismissed for failure to prosecute on December 13, 2011. (Doc. 74.)

On November 20, 2012 and December 6, 2012, more than one year after the district court dismissed this action, and denied Oliver's various post-judgment motions to amend, the plaintiff filed two motions to reopen this action.(Docs. 82 and 84.) These two motions rest upon a belated and curious claim. Ignoring Oliver's many procedural defaults, the motions assert that the district judge formerly assigned to this case, Judge Munley, should have recused himself from this matter because as a state judge he had presided over an unrelated criminal trial involving Oliver in the mid- 1990's, some fifteen years prior to the filing of this lawsuit.  This recusal claim was never timely advanced by Oliver in this underlying lawsuit, even through the facts giving rise to the recusal claim would have been known by Oliver throughout the pendency of this litigation. Thus, Oliver's motions rest on legal claims which are lodged in an untimely fashion, and which represent the latest in a series of procedural defaults by the plaintiff. Moreover, Oliver elected to bring these motions more than one year beyond the date of the district court rulings which he seeks to challenge, and well beyond the time limitations generally set by Rule 60 of the Federal Rules of Civil Procedure for motions to re-open cases.

For the reasons set forth below, it is recommended that the motions be denied.

## II.    Discussion

## A.    Rule 60–The Legal Standard.

Rule 60 of the Federal Rules of Civil Procedure provides, in part, as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons;

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

**(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time-- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P., Rule 60(b) and (c).

As the text of this rule implies, decisions regarding whether to re-open cases under Rule 60, rest "within the discretion of the trial court [although] [i]t is the trial

judge's duty to construe the rule liberally in order to work substantial justice between the parties." Home Box Office, Inc. v. Spectrum Electronics, Inc., 100 F.R.D. 379, 382 (E.D. Pa. 1983). In exercising this discretion, "the court must balance the ends of justice on the one hand, . . . , and the public interest in the finality of judgments on the other." Aetna Cas. & Sur. Co. v. Home Ins. Co., 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995). Because one of the cardinal considerations in assessing a Rule 60 motion is the public interest in the finality of judgments, Rule 60 motions must be made in a timely fashion. As the Rule itself states: "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P., Rule 60(c).

Here, Oliver's motions to re-open cite Rule 60(b)(1), (2), (3), and (6), as the legal grounds upon which the plaintiff seeks to re-open this case. At the outset, to the extent that Oliver seeks to rely upon subsections (1) through (3) of Rule 60(b), which permit judgments to be re-opened based upon a showing of mistake, newly discovered evidence or fraud, the plain language of the rule also requires such motions to be filed "no more than a year after the entry of the judgment or order or the date of the proceeding" which a party seeks to re-open.  Further, "[t]his time limit is jurisdictional and cannot be extended." Arrieta v. Battaglia, 461 F.3d 861, 864 (7th Cir. 2006). Therefore, the court generally may not entertain untimely motions to re-open a

judgment made pursuant to Rule 60(b)(1)-(3). <u>Radack v. Norwegian Am. Line Agency, Inc.</u>, 318 F.2d 538 (2d Cir. 1963).

In this case, the most liberal interpretation of the commencement of this one year period would require the time for the filing of Rule 60(b)(1)-(3) motion to begin to run from the date that Oliver's motion to reconsider was denied, on November 3, 2011. <u>See Nat'l Passenger R.R. Corp. v. Maylie</u>, 910 F.2d 1181, 1183 (3d Cir. 1990) ("the one-year time limitation for a Rule 60(b) motion began to run was when the motion for reconsideration was denied"). Oliver's flawed and abandoned appeal would not toll the one-year deadline. <u>See</u> <u>King v. First Am. Investigations, Inc.</u>, 287 F.3d 91, 94 (2d Cir. 2002). Therefore, Oliver was obliged to file any Rule 60(b)(1)-(3) motions no later than November 5, 2012.

Judged against these standards, to the extent that he relies upon Rule 60(b)(1)-(3), Oliver's motions fail as a threshold matter because they are clearly untimely, having been filed on November 20, 2012 and December 6, 2012, more than one year after the entry of the district court's final November 3, 2011 order in this matter, the order denying Oliver's requests to reconsider it prior decision dismissing this action.[1]

---

[1]Beyond its procedurally flawed quality, we note that none of Oliver's claims have even the slightest substantive merit under Rule 60(b)(1)-(3). The circumstances surrounding Judge Munley's past judicial dealings with Oliver are not newly discovered. Quite the contrary, they were known by Oliver for years. There is no allegation or indication of any fraud whatsoever by an opposing party in this case, and Oliver can point to nothing that would constitute mistake,

While Oliver's motions are plainly untimely under Rule 60(b)(1)-(3), Oliver has also sought relief under the catch-all provision of Rule 60(b), Rule 60(b)(6), which permits relief on "any other reason that justifies relief." Unlike Rule 60(b)(1)-(3) motions, motions brought pursuant to Rule 60(b)(6) are not subject to a strict 1-year limitations period. However, "A motion under the 'catchall' provision contained in Rule 60(b)(6) also must be made 'within a reasonable time.' Relief under Rule 60(b)(6) requires a showing of '"extraordinary circumstances' justifying the reopening of a final judgment"'" Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir. 2006)(citations omitted).

A determination of :

> What constitutes a "reasonable time" depends on the circumstances of each case. Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir.1959). A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties. Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir.1986); Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981). What constitutes a "reasonable time" also depends on which Rule 60(b) clause a claimant is trying to avail. We have noted that relief under Rule 60(b)(6) is extraordinary because it can be given for "any other reason justifying relief" and is not subject to an explicit time limit. Coltec Indus. Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir.2002). Therefore, a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6).

In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010).

---

inadvertence, surprise, or excusable neglect warranting relief under Rule 60.

One aspect of this showing of "exceptional circumstances justifying the delay for filing under Rule 60(b)(6)," is that a movant under Rule 60(b)(6) must show that he "has exercised due diligence to ascertain whether the judgment has been entered or has given sufficient reason for the lack of such diligence." Spika v. Vill. of Lombard, Ill., 763 F.2d 282, 285 (7th Cir. 1985).

In this case, Oliver's motions completely fail to demonstrate the type of extraordinary degree of diligence necessary to justify the belated filing of a motion to re-open under Rule 60(b)(6). Indeed, rather than displaying extraordinary diligence, Oliver's approach to this matter is marked by striking indolence. The grounds cited by Oliver in his motions relate to the potential recusal of Judge Munley based upon his service on the state court bench in the 1990s. These are matters that were fully known by Oliver and have existed for the past fifteen years, since Oliver's state conviction. Oliver filed this federal civil rights action In July, 2010. (Doc. 1.) Judge Munley was assigned to the case in December, 2010. Judge Munley then ruled on the case, dismissing Oliver's complaint ten months later, in September 2011. (Doc. 59.) At no time during this extended period did Oliver mention this recusal concern. Indeed, even after this action was dismissed, Oliver allowed more than a year to pass before he cited this concern in the instant motions to re-open this case. By any standard, such lethargy in the face of facts known to Oliver cannot be regarded as diligence, and cannot sustain Oliver's burden of "establish[ing] exceptional circumstances justifying the delay for

filing under Rule 60(b)(6)."In re Diet Drugs Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010).

More fundamentally, Oliver's motions to re-open fail on their merits because Judge Munley had no duty to recuse in this particular case. The legal standards which govern such recusal requests were aptly defined in Conklin v. Warrington Township, 476 F.Supp.2d 458 (M.D. Pa. 2007), where this court explained that:

> The disqualification standard is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:
>
> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party....
>
> Id. Pursuant to the above quoted language, the court must consider whether its rulings and statements objectively produce the appearance of bias against Conklin. As explained by the Supreme Court, these provisions "require ... 'bias and prejudice' ... to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir.1987) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir.1983); see also In re Antar, 71 F.3d 97, 101 (3d Cir.1995)). However, when the record presents a close question, the court must resolve the issue in favor of disqualification. Nichols v. Alley, 71 F.3d 347, 352 (10th Cir.1995).

Id. at 462-3.

It is also clear, however, that:

> The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." <u>Securacomm Consulting, Inc. v. Securacom, Inc</u>., 224 F.3d 273, 278 (3d Cir.2000) (<u>citing In re TMI Litig</u>., 193 F.3d 613, 728 (3d Cir.1999) and <u>Jones v. Pittsburgh Nat'l Corp</u>., 899 F.2d 1350, 1356 (3d Cir.1990)). Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible. <u>Blanche Rd. Corp. v. Bensalem Twp</u>., 57 F.3d 253 (3d Cir.1995), <u>cert. denied</u>, 516 U.S. 915, 116 S.Ct. 303, 133 L.Ed.2d 208 (1995). As stated by the Supreme Court:

> > [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

> <u>Liteky</u>, 510 U.S. at 555, 114 S.Ct. 1147 (emphasis in original).

<u>Id</u>. at 463.

Furthermore, in assessing recusal requests, courts must remain mindful that, in the hands of some unscrupulous advocates, a recusal motion may simply be a calculated tactical tool designed to avoid or overturn the result which the law dictates in a case. Thus, in every instance:

> [T]he court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. <u>In re Antar</u>,

71 F.3d at 101; <u>Alexander v. Primerica Holdings, Inc.</u>, 10 F.3d 155, 162 (3d Cir.1993). Indeed, a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." <u>Bryce v. Episcopal Church in the Diocese of Colorado</u>, 289 F.3d 648, 659 (10th Cir.2002) (quoting <u>Nichols</u>, 71 F.3d at 351); <u>Cooney v. Booth</u>, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); <u>see also United States v. Snyder</u>, 235 F.3d 42, 46 n. 1 (1st Cir.2000); <u>Curley v. St. John's University</u>, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998).

<u>Id</u>. at 463.

In order to ensure that recusal requests do not become last-minute devices used by expedient parties to attempt to avoid, or set aside, outcomes mandated by law, a recusal motion is "also subject to the requirement that it be 'timely.' <u>See</u> 28 U.S.C. § 144. 'It is well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.' <u>Apple v. Jewish Hosp. and Medical Ctr.</u>, 829 F.2d 326, 333 (2nd Cir.1987). The Third Circuit has described this requirement as one of 'reasonable diligence.' <u>See Furst</u>, 886 F.2d at 581 n. 30." <u>Cooney v. Booth,</u> 262 F.Supp.2d 494, 503-4 (E.D.Pa. 2003), <u>aff'd</u>., 108 F.App'x 739 (3d. Cir. 2004).

In addition, there are also procedural standards which a party moving for recusal must meet. These standards are prescribed by 28 U.S.C. § 144, which as a procedural matter "mandates recusal '[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter

is pending has a personal bias or prejudice either against him or in favor of any adverse party.'" Conklin, 476 F.Supp.2d at 463, n. 10.

Thus, a proper, and timely filed, affidavit is a legal prerequisite to a recusal motion, a necessary step to impress upon all parties the gravity of the proceedings. When such an affidavit is timely filed: "it is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit. United States v. Townsend, 478 F.2d 1072, 1073 (3d Cir.1973) (stating that the mere filing of an affidavit 'does not automatically disqualify a judge'). An affidavit is legally sufficient if the facts alleged therein: (1) are material and stated with particularity; (2) would convince a reasonable person that a bias exists; and, (3) evince bias that is personal, as opposed to judicial in nature. United States v. Thompson, 483 F.2d 527, 528 (3d Cir.1973)." Conklin, 476 F.Supp.2d at 463, n. 10. This is a burden which cannot be met through vague and conclusory accusations, or subjective assertions. Id. citing, Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations) Cooney v. Booth, 262 F.Supp.2d 494, 502 (E.D.Pa.2003) (holding that opinions and conclusions based upon suspicion conjecture and speculation are legally insufficient to warrant recusal).

Finally, a recusal motion must meet certain exacting substantive standards. Principal among these is that the grounds for recusal typically must stem from an extrajudicial source; that is, they must arise from some factor beyond a judge's performance of judicial duties. Therefore, it has repeatedly been held that the mere fact that a judge presided over some other, unrelated case involving a party, and made rulings in that separate case, does not, standing alone, provide grounds for recusal. See, e.g., Liteky v. United States, 510 U.S. 540 (1994); Atwell v. Dean, 211 F. App'x 86, 87 (3d Cir. 2006)("Judge Rambo did not abuse her discretion in denying Atwell's request for recusal based upon her rulings in his prior lawsuits, and the fact that some of those decisions were remanded on appeal. We also agree that Judge Rambo's employment as a Pennsylvania judge thirty years ago, and the fact that Atwell filed a complaint against Judge Rambo, of which she stated she had no knowledge, did not require recusal"); United States v. Wilensky, 757 F.2d 594, 600 (3d Cir. 1985) citing United States v. Kelley, 712 F.2d 884, 889 (1st Cir.1983); United States v. Frezzo, 563 F. Supp. 592, 596 (E.D. Pa. 1983) aff'd, 734 F.2d 8 (3d Cir. 1984), (collecting cases).[2]

---

[2]There is one narrow exception to this general rule, which is cited by Oliver, albeit an exception which has no application here. Relying upon Clemmons v. Wolfe, 377 F,3d 322 (3d Cir. 2004), a case which discussed the recusal obligations of a federal judge who was asked to consider a prisoner habeas corpus petition brought by a state inmate that attacked rulings which the federal judge had previously made while serving on the state court bench and presiding over the prisoner's state criminal prosecution, Oliver argues that Judge Munley's decision to recuse himself from a separate habeas corpus action Oliver had filed also

Judged against these standards, Oliver's belated recusal request clearly fails for at least three reasons.

First, Oliver's recusal claim–which is made 15 years after his state criminal trial before Judge Munley, two years after Judge Munley was assigned to Oliver's federal civil rights lawsuit, and more than one year after Judge Munley dismissed that lawsuit–ignores the basic requirement that a recusal motion is "also subject to the requirement that it be 'timely.' See 28 U.S.C. § 144. 'It is well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.' Apple v. Jewish Hosp. and Medical Ctr., 829 F.2d 326, 333 (2nd Cir.1987). The Third Circuit has described this requirement as one of 'reasonable diligence.' See Furst, 886 F.2d at 581 n. 30." Cooney v. Booth, 262 F.Supp.2d 494, 503-4 (E.D.Pa. 2003), aff'd., 108 F.App'x 739 (3d. Cir. 2004). This motion is wholly untimely, and therefore should be denied.

---

compelled his recusal from all of Oliver's litigation. In this regard, we believe that Oliver simply errs. Judge Munley's recusal from consideration of the habeas petition relating to the very state criminal case which he had previously presided over was required by Clemmons because the federal habeas corpus petition directly related to the judge's prior performance of his judicial duties in that underlying state case in which the petitioner was convicted. In contrast, in this case Judge Munley's conduct presiding over a criminal trial of Oliver in the mid-1990's was entirely unrelated to the subject matter of Oliver's 2010 prisoner civil rights lawsuit, and therefore did not compel recusal.

Second, Oliver has not properly documented and supported his motion with an affidavit which set forth specific facts that; "(1) are material and stated with particularity; (2) would convince a reasonable person that a bias exists; and, (3) evince bias that is personal, as opposed to judicial in nature. United States v. Thompson, 483 F.2d 527, 528 (3d Cir.1973)." Conklin, 476 F.Supp.2d at 463, n. 10. This additional procedural flaw is fatal to any belated recusal request made by Oliver in this matter.

Third, the proffered grounds for recusal–Judge Munley's involvement in an unrelated state criminal case in which Oliver was a defendant some 15 years ago–simply does not provide the type of extrajudicial source of bias necessary to require recusal. Liteky v. United States, 510 U.S. 540 (1994); Atwell v. Dean, 211 F. App'x 86, 87 (3d Cir. 2006); United States v. Wilensky, 757 F.2d 594, 600 (3d Cir. 1985) citing United States v. Kelley, 712 F.2d 884, 889 (1st Cir.1983); United States v. Frezzo, 563 F. Supp. 592, 596 (E.D. Pa. 1983) aff'd, 734 F.2d 8 (3d Cir. 1984), (collecting cases). Therefore, on its merits, this recusal request fails as a matter of law.

Finally, we note that Oliver's focus on this recusal question without any examination of the merits of his underlying case, ignores another, more profound issue which wholly undermines these Rule 60(b) motions. We have already found that Oliver's claims in this matter are absolutely precluded by his first procedural failure in this litigation, his failure in 2010 to exhaust his administrative remedies before filing this lawsuit. As we have noted, "relief under Rule 60(b)(6) is extraordinary because it

can be given for 'any other reason justifying relief' and is not subject to an explicit time limit. <u>Coltec Indus. Inc. v. Hobgood</u>, 280 F.3d 262, 273 (3d Cir.2002). Therefore, a claimant must establish exceptional circumstances justifying [such relief]." <u>In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.</u>, 383 F. App'x 242, 246 (3d Cir. 2010). In this case, however, Oliver cannot meet this burden of establishing exceptional circumstances justifying relief under Rule 60 because his lawsuit was doomed from the outset due to his earlier failure to exhaust these administrative remedies. Thus, the failure of this lawsuit was not a function of Judge Munley's inability to act upon a recusal motion that was never timely filed by Oliver. Instead, it was the unavoidable consequence of a cascading series of profound procedural defaults by the plaintiff, defaults that no court can cure, and defaults that would compel any judge to dismiss this matter. In short, nothing could have saved Oliver's case given the plaintiff's many failures to proper exhaust, present and preserve his claims. Therefore, Oliver may not rely upon this belated, merit-less and flawed recusal claim to resurrect a fatally deficient complaint.

### III.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED THAT the plaintiff's motions to re-open (Docs.82 and 84) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 27th day of December, 2012.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge