# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES OLIVER,<br>   Plaintiff | : No. 4:10cv1387<br>:<br>: (Judge Munley) |
| v. | :<br>: (Chief Magistrate Judge Carlson) |
| JEFFREY A. BEARD,<br>REVEREND W. JAMES PALL,<br>JOSEPH ZAKARAKUS, PAUL<br>MILLER and CHRIS PUTMAN,<br>   Defendants | :<br>:<br>:<br>:<br>: |

## MEMORANDUM

Before the court for disposition is Chief Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R"). (Doc. 86). The R&R proposes that Plaintiff Charles Oliver's ("Oliver") motion to re-open his *pro se* civil rights action (Doc. 82) and for relief from a judgment (Doc. 24) be denied. Oliver filed objections to the R&R (Doc. 87) making this case ripe for disposition.

**Background**

Oliver, an inmate presently confined at the State Correctional Institution at Retreat in Hunlock Creek, Pennsylvania, initiated the above-captioned *pro se* action by filing a complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1, Compl.). Oliver's claims arise from events that occurred while he was confined at the State Correctional Institution in Dallas, Pennsylvania.

The court dismissed Oliver's lawsuit on September 29, 2011 because he failed to exhaust his administrative remedies. (Doc. 58). Oliver then filed a motion for reconsideration (Doc. 60) but neglected to comply with our Local Rules by failing to file a brief in support of his motion. Oliver's neglect compelled denial of his post judgment motion on November 3, 2011. (Doc. 73). Oliver subsequently appealed the court's decisions. Oliver's appeal, however, was dismissed by the Third Circuit Court of Appeals on December 13, 2011 for failure to prosecute. (Doc. 74).

On November 20, 2012 and December 6, 2012, more than one year after the court dismissed this action and denied Oliver's post-judgment motion, Oliver filed motions to reopen this action (Doc. 82) and for relief from a judgment (Doc. 84). On December 27, 2012, Chief Magistrate Judge Carlson recommended denying Oliver's motions for two reasons. First, Oliver's motions were untimely because they were filed more than one year after the date of the court's rulings, which is well beyond the time limitations set by Rule 60 of the Federal Rules of Civil Procedure. Second, Oliver's substantive arguments failed on the merits.

On January 7, 2013, Oliver filed objections to Chief Magistrate Judge Carlson's recommendations. (Doc. 87). For the following reasons, Oliver's

objections will be overruled and his motions to reopen the case and for relief from a judgment will be denied.

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**[1]

Oliver objects to the recommendations that we deny his motions for relief from a judgment and to reopen his case. Specifically, Oliver argues he has

---

[1] In addition to his objections to the R&R, Oliver makes several objections to issues previously ruled on by the court. Specifically, Oliver argues the court improperly determined that he: (1) failed to file a timely brief in support of his October 5, 2011 motion to amend the court's September 29, 2011 judgment; (2) failed to exhaust his administrative remedies; and (3) was denied an entry of default on December 21, 2010. The court will not address these objections. Instead, the court will limit its review to Oliver's objections to the R&R.

3

demonstrated exceptional circumstances that warrant relief from a judgment. Additionally, Oliver claims the court's failure to recuse itself from the present action justifies reopening the case. We will address each objection in turn.

**A. First Objection - Relief from a Judgment**

On December 6, 2012, Oliver filed a motion seeking relief from a judgment pursuant to Federal Rules of Civil Procedure 60(b)(1), (2), (3) and (6). Specifically, Oliver seeks relief from the court's November 3, 2011 order that denied reconsideration of a previous order striking and deeming Oliver's motion to amend a judgment to be withdrawn for failure to file a supporting brief.

The law provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding . . . ." FED. R. CIV. P. 60(b). Those grounds include "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct by the opposing party; . . . or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (2), (3) and (6). A Rule 60(b) motion must be filed within a reasonable time and for reasons (1), (2) and (3), must be filed no more than one year after the entry of judgment or order. FED. R. CIV. P. 60(c)(1).

4

In the present case, the court granted defendants' motion to strike and deemed Oliver's motion to amend a judgment to be withdrawn for failure to file a supporting brief on October 26, 2011. Oliver filed a motion for reconsideration on November 1, 2011, which the court denied on November 3, 2011. Hence, Oliver had one year from November 3, 2011 to file his Rule 60(b)(1)-(3) motion seeking relief from a judgment. Oliver, however, filed his Rule 60(b)(1)-(3) motion on December 6, 2012.² (Doc. 84). Thus, Oliver's Rule 60(b)(1)-(3) motion is untimely and his objections will be overruled.³

Oliver also seeks relief from a judgment under Rule 60(b)(6)–the catchall

---

² The court notes that Oliver's motion for relief from a judgment is dated November 30, 2012. (Doc. 84). Pursuant to the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing." Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (quoting Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011). In order to benefit from this rule, "the inmate is required to make a declaration that sets forth the date of deposit and that first-class postage has been paid." Id. (quoting Nara v. Frank, 264 F.3d 310, 315 n.3 (3d Cir. 2001)). Because Oliver failed to comply with these prerequisites, he is not entitled to benefit from this rule. In any event, the six-day difference does not affect the outcome here because even if Oliver's Rule 60(b)(1)-(3) motion was filed on November 30, 2012, the motion still would have been filed beyond the one-year limitation pursuant to FED. R. CIV. P. 60(c)(1).

³ In addition to Oliver's procedural flaws, Oliver's Rule 60(b)(1)-(3) motions fail to illustrate any of the substantive grounds necessary to relieve him from a judgment. Specifically, the court's past judicial dealings with Oliver are not newly discovered evidence, Oliver fails to allege fraud by an opposing party and Oliver fails to point to anything that would constitute mistake.

provision of Rule 60(b). Rule 60(b)(6) is "intended to be a means for accomplishing justice in extraordinary situations." Ackermann v. United States, 340 U.S. 193, 199 (1950); Kock v. Gov't of the V. I., 811 F.2d 240, 246 (3d Cir.1987). It is well settled that relief under Rule 60(b)(6) is "extraordinary and may be granted only upon a showing of exceptional circumstances." In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988); U.S. Steel Corp. v. Fraternal Ass'n of Steel Haulers, 601 F.2d 1269, 1274 (3d Cir.1979). Further, Rule 60(b)(6) generally requires that the petitioners make "a more compelling showing of inequity or hardship" than normally would be required to reopen a case under subsections (1) through (5). Landano v. Rafferty, 897 F.2d 661, 682 (3d Cir. 1990).

A Rule 60(b)(6) motion is not subject to a strict one-year limitations period. Instead, a Rule 60(b)(6) motion "must be made within a reasonable time." FED R. CIV. P. 60(c)(1). What constitutes a "reasonable time" depends on the circumstances of each case. Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir. 1959). A claimant, however, must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6). Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008); see also Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 274 (3d Cir. 2002) (finding that courts have not

6

looked favorably on the pleas of parties trying to escape the consequences of their own counseled and knowledgeable decisions).

In the present case, Oliver argues his Rule 60(b)(6) motion demonstrates exceptional circumstances because the undersigned judge presided over his state court criminal trial in the 1990s. Oliver's attempt to prove exceptional circumstances by bootstrapping an untimely recusal claim onto his Rule 60(b)(6) motion is unpersuasive. Oliver failed to acknowledge or act on his recusal concern when the court was assigned to this action on December 22, 2010. Oliver failed to raise his recusal claim when the court issued orders on May 6, 2011, June 14, 2011, June 16, 2011, July 6, 2011, September 29, 2011, October 26, 2011 and November 3, 2011. Moreover, Oliver allowed more than a year to pass after this action was dismissed before citing his recusal concerns. In sum, Oliver's untimely recusal claim fails to demonstrate the level of exceptional circumstances required to obtain relief from a judgment under Rule 60(b)(6). Accordingly, Oliver's objection will be overruled.

## B. Second Objection - Reopen the Case

Oliver claims the court should reopen his case because the court never recused itself from the present action. The law provides that a judge "shall

7

disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[4] The inquiry to substantiate recusal under § 455(a) is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003) (citation omitted); see also Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) ("Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." (internal quotation omitted)). Moreover, a judge is required to disqualify himself when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

The Third Circuit Court of Appeals has long held that "[b]eliefs or opinions that merit recusal must involve an extrajudicial factor; 'for example, if a judge has acquired a dislike of a litigant because of events occurring outside

---

[4] The issue of judicial recusal is also governed by 28 U.S.C. § 144, which provides that a district court judge should grant a motion for recusal if the party seeking recusal submits a "timely and sufficient affidavit" illustrating that the judge has a personal bias or prejudice towards a party. Oliver has submitted no such affidavit in support of the instant motion; thus, Oliver's motion for recusal is brought solely pursuant to § 455.

8

of the courtroom, a duty to recuse might ensue.'" United States v. Vampire Nation, 451 F.3d 189, 208 (3d Cir. 2006) (quoting United States v. Antar, 53 F.3d 568, 574 (3d Cir.1995)). Opinions formed by a judge on the basis of events occurring in the course of prior proceedings do not constitute a basis for recusal unless they display a "deep-seated and unequivocal antagonism that would render fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555-56 (1994).

In the present case, Oliver contends that the court's involvement in his state criminal case fifteen (15) years ago provides the type of extrajudicial bias requiring recusal. Oliver, however, fails to point to a single ruling or action taken by the court that illustrates any deep-seated and unequivocal antagonism towards Oliver. Thus, Oliver's failure to provide any evidence of extrajudicial bias is fatal to his recusal claim.

Additionally, Oliver claims that the court was under an affirmative obligation to recuse itself in the present civil rights lawsuit because the court recused itself in a previous federal habeas corpus petition. See Oliver v. McGrady et al., No. 12-CV-1445 (M.D. Pa. Aug. 21, 2012) (order granting motion for recusal). The court recused itself from hearing Oliver's federal habeas petition because it directly related to the court's prior performance of

9

its judicial duties as a state court judge in the 1990's.  Id.  The present action is entirely unrelated to the subject matter of Oliver's state court criminal proceeding.  Therefore, the court did not have to recuse itself from the present action.  As such, Oliver's objection will be overruled.

**Conclusion**

For the reasons stated above, the court will overrule Oliver's objections to the R&R.  Therefore, the court will adopt the R&R that denied Oliver's motion to re-open his *pro se* civil rights action and for relief from a judgment. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES OLIVER,** | : | No. 4:10cv1387 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Carlson) |
| **JEFFREY A. BEARD,** | : | |
| **REVEREND W. JAMES PALL,** | : | |
| **JOSEPH ZAKARAKUS, PAUL** | : | |
| **MILLER and CHRIS PUTMAN,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 16th day of April 2013, it is **HEREBY ORDERED** as follows:

1. The Report and Recommendation of Chief Magistrate Judge Carlson (Doc. 86) is hereby **ADOPTED**;

2. Plaintiff's motion to reopen his case (Doc. 82) is **DENIED**; and

3. Plaintiff's motion for relief from a judgment (Doc. 84) is **DENIED**.

                                              **BY THE COURT:**

                                              **s/ James M. Munley**
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**